[No. A127283. First Dist., Div. Four. Sept. 28, 2010.]

RAMESH C. TRIVEDI, Plaintiff and Respondent, v.
CUREXO TECHNOLOGY CORPORATION, Defendant and Appellant.

**COUNSEL**

Richardson & Patel and Victor T. Fu for Defendant and Appellant.

Lawless & Lawless, Therese M. Lawless and Kate Solodky for Plaintiff and Respondent.

OPINION

**RUVOLO, P. J.—**

## I.

## INTRODUCTION

Appellant Curexo Technology Corporation (Curexo) appeals from the denial of its motion to compel arbitration of employment-related claims brought by Curexo's former employee, respondent Ramesh C. Trivedi (Trivedi). Curexo contends the trial court erred in finding that the arbitration clause contained in the parties' employment agreement was both procedurally and substantively unconscionable. Alternatively, Curexo argues that if the arbitration clause was properly found unconscionable, the trial court abused its discretion in refusing to sever the offending provisions of the arbitration clause and to enforce the remainder. We affirm.

## II.

## PROCEDURAL AND FACTUAL BACKGROUNDS

On June 25, 2009, Trivedi filed a complaint against Curexo and others asserting 10 separate causes of action. All causes of action arise out of his termination as president and chief executive officer (CEO) of Curexo on October 31, 2008. The causes of action included one alleging age discrimination in violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.), race and color discrimination in violation of FEHA, national origin discrimination in violation of FEHA, and unlawful business practices, within the meaning of Business and Professions Code section 17200. In addition, the complaint asserted claims for breach of the parties' employment contract, bad faith, intentional infliction of emotional distress, and three causes of action for employment discharge in violation of California public policy. As to damages, Trivedi sought compensatory and punitive damages, declaratory relief, and attorney fees.

Accompanying the complaint was a copy of the parties' employment agreement. Paragraph 12 of the agreement was an arbitration clause under which the parties agreed, among other matters as discussed below, to resolve "[a]ny dispute arising out of or relating to this Agreement or any act which would violate any provision of this Agreement . . . to arbitration . . . before a sole arbitrator (the 'Arbitrator') selected from the American Arbitration Association ('AAA') pursuant to the AAA's National Rules for the Resolution

of Employment Disputes . . . ." In the complaint, under the. heading "Declaratory Relief," Trivedi acknowledged that he and Curexo "may have entered into an agreement to arbitrate certain disputes which arise from the employment relationship." However, Trivedi alleged that enforcement of the arbitration obligation would be unconscionable and requested that the "[c]ourt stay enforcement of the agreement and allow plaintiff to proceed to jury trial."

Thereafter, Curexo filed a motion to compel arbitration and to dismiss or stay the action, which Trivedi opposed. A hearing on the motion was set for November 19, 2009. However, neither side challenged the published tentative ruling, which then became the order of the court. That order denied Curexo's motion to compel arbitration, finding the arbitration clause to be both procedurally and substantively unconscionable. The trial court declined to sever the "problematic provisions," and therefore concluded that the arbitration clause was unenforceable. This appeal followed.

## III.

## ANALYSIS

### A. Standard of Review

Acknowledging that the facts underlying its motion to compel arbitration were undisputed, Curexo asserts that the standard of review of the court's denial of its motion is de novo. Trivedi does not contend otherwise. (See *Giuliano v. Inland Empire Personnel, Inc.* (2007) 149 Cal.App.4th 1276, 1284 [58 Cal.Rptr.3d 5].)

■ Unconscionability, as contemplated in judicial review of a contractual arbitration clause, has two components; procedural unconscionability and substantive unconscionability. (*Discover Bank v. Superior Court* (2005) 36 Cal.4th 148, 160 [30 Cal.Rptr.3d 76, 113 P.3d 1100].) The court here found the arbitration clause in the underlying employment agreement to be both procedurally and substantively unconscionable. Indeed, both forms of unconscionability must be present for an arbitration provision to be deemed unenforceable, although there is a sliding scale. "In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 [99 Cal.Rptr.2d 745, 6 P.3d 669] (*Armendariz*).)

With these general principles in mind, we turn to the evidence adduced in connection with Curexo's motion to compel arbitration, and the trial court's findings relating to each required showing.

## B. The Arbitration Clause Was Procedurally Unconscionable

We begin by reciting paragraph 12, the arbitration clause, in full:[1] "12. Arbitration. Any dispute arising out of or relating to this Agreement or any act which would violate any provision of this Agreement shall be submitted to arbitration in the County in California in which the Company's headquarter office is located before a sole arbitrator (the 'Arbitrator') selected from the American Arbitration Association ('AAA') pursuant to the AAA's National Rules for the Resolution of Employment Disputes as the exclusive method of resolving such dispute; provided, however, that provisional injunctive relief may, but need not, be sought in a court of law while arbitration proceedings are pending, and any provisional injunctive relief granted by such court shall remain effective until the matter is finally determined by the Arbitrator. Final resolution of any dispute through arbitration may include any remedy or relief which the Arbitrator deems just and equitable and within the scope of this Agreement, including permanent injunctive relief or specific performance or both, and the Arbitrator is hereby empowered to award such relief. Any award or relief granted by the Arbitrator hereunder shall be final and binding on the parties hereto and may be enforced by any court of competent jurisdiction. The prevailing party shall be entitled to recover from the other party all costs, expenses and reasonable attorney[] fees incurred in any arbitration arising out of or relating to this Agreement, and in any legal action or administrative proceeding to enforce any arbitration award or relief."

In support of its motion to compel, Curexo relied solely on the text of the agreement itself, and the AAA (American Arbitration Association) rules referenced therein.[2] Trivedi opposed the motion with his own declaration. In it, he stated that the agreement, which was prepared by Curexo, was never discussed or explained at the time he signed it or later during his employment. The arbitration clause was a mandatory part of the employment agreement, and he was not given a copy of the AAA arbitration rules referenced in the clause.

---

[1] The arbitration clause was in the same typeface and was no more conspicuous than any other provision in the employment agreement. Lack of prominence is one factor the court may consider in determining if the clause is procedurally unconscionable. (*Gutierrez v. Autowest, Inc.* (2003) 114 Cal.App.4th 77, 89 [7 Cal.Rptr.3d 267].)

[2] In its reply memorandum, reference also was made to certain interrogatory responses. However, those responses related to the status of others joined in the suit as defendants, and are not material to the issues we must address.

The trial court found the clause to be procedurally unconscionable for three reasons—"the agreement was prepared by [Curexo], it was a mandatory part of the agreement and [Trivedi] was not given a copy of the AAA Rules." We agree that each and all of these uncontroverted factors support the court's ruling.

■ Procedural unconscionability occurs when the stronger party drafts the contract and presents it to the weaker party on a "take it or leave it basis." (*Armendariz, supra*, 24 Cal.4th at pp. 113–114.)[3] This is what the trial court found happened here, and this finding is supported by substantial evidence.

■ Numerous cases have held that the failure to provide a copy of the arbitration rules to which the employee would be bound supported a finding of procedural unconscionability. (*Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702, 721 [13 Cal.Rptr.3d 88] (*Fitz*) [NCR's "employee-dispute resolution policy, known as Addressing Concerns Together (ACT)," incorporated "arbitration rules that were not attached and require[d] the other party to go to another source in order to learn the full ramifications of the arbitration agreement"]; *Harper v. Ultimo* (2003) 113 Cal.App.4th 1402, 1406–1407 [7 Cal.Rptr.3d 418] ["inability to receive full relief is artfully hidden by merely referencing the Better Business Bureau arbitration rules, and not attaching those rules to the contract for the customer to review," which forced the customer to go to another source to learn that the arbitration agreement curtailed his ability to receive full relief]; *Gutierrez v. Autowest, Inc., supra*, 114 Cal.App.4th at pp. 84, 89 [Gutierrez "never given or shown a copy of the arbitration rules of the American Arbitration Association (AAA), the designated arbitration provider" nor required to initial arbitration clause]; *Patterson v. ITT Consumer Financial Corp.* (1993) 14 Cal.App.4th 1659, 1665 [18 Cal.Rptr.2d 563] [at signing, "borrowers were not given a copy of the procedural rules of the National Arbitration Forum (NAF)—the rules were sent to the borrowers only once ITT had initiated a claim against them"].)[4]

For these reasons, we affirm the trial court's finding that the subject arbitration clause was procedurally unconscionable.

## C. The Arbitration Clause Was Substantively Unconscionable

The trial judge's determination that the clause also was substantively unconscionable was anchored by two separate conclusions. First, the court

---

[3] Curexo argues that Trivedi's use of the term "mandatory" in this context is conclusory. We disagree. It adequately conveyed that the clause was presented on a "take it or leave it basis," without any suggestion that it was negotiable as part of the employment agreement process.

[4] Here, the failure to give Trivedi a copy of the AAA rules was no trifling matter. The rules extend over 26 single-spaced pages.

concluded the fact that the arbitration clause included a mandatory attorney fee and cost provision in favor of the prevailing party was unconscionable because it placed Trivedi at greater risk than if he retained the right to bring his FEHA claims in court. Second, the court noted that the provision allowing a party to seek injunctive relief in court unfairly favored Curexo, which would be much more likely to be the party to benefit from this provision. We discuss each of these reasons in turn.

■ Government Code section 12965, subdivision (b) (section 12965(b)) allows for the discretionary recovery of attorney fees and costs, including expert fees, by a prevailing party to a claim brought under the FEHA. Recently, our Supreme Court had the opportunity to discuss the issue of attorney fees and cost recovery in FEHA litigation in *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970 [104 Cal.Rptr.3d 710, 224 P.3d 41]. As to the purpose of enacting section 12965(b), the court noted: "In enacting the FEHA, the Legislature sought to safeguard the rights of all persons to seek, obtain, and hold employment without discrimination on account of various characteristics, which now include race, religion, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, and sexual orientation. (Gov. Code, § 12920; see *Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 891 [66 Cal.Rptr.2d 888, 941 P.2d 1157].) . . . In FEHA actions, attorney fee awards, which make it easier for plaintiffs of limited means to pursue meritorious claims (*Cummings v. Benco Building Services* (1992) 11 Cal.App.4th 1383, 1387 [15 Cal.Rptr.2d 53]), 'are intended to provide "fair compensation to the attorneys involved in the litigation at hand and encourage[] litigation of claims that in the public interest merit litigation." ' (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 584 [110 Cal.Rptr.2d 809, 28 P.3d 860].)" (*Chavez v. City of Los Angeles, supra,* 47 Cal.4th at p. 984.)

■ For these reasons, the high court went on to observe that "the United States Supreme Court has held that, in a Title VII case, a prevailing plaintiff should ordinarily recover attorney fees unless special circumstances would render the award unjust, whereas a prevailing defendant may recover attorney fees only when the plaintiff's action was frivolous, unreasonable, without foundation, or brought in bad faith. (*Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412, 416–417, 421–422 [54 L.Ed.2d 648, 98 S.Ct. 694].) California courts have adopted this rule for attorney fee awards under the FEHA. [Citations.]" (*Chavez v. City of Los Angeles, supra,* 47 Cal.4th at p. 985, italics omitted.)

The arbitration clause in the parties' employment contract, to the contrary, allows for the recovery of attorney fees and costs by the prevailing party in an arbitration. In contrast to case law under FEHA, the agreement does not limit

Curexo's right to recover to instances where Trivedi's claims are found to be "frivolous, unreasonable, without foundation, or brought in bad faith." Thus, enforcing the arbitration clause and compelling Trivedi to arbitrate his FEHA claims lessens his incentive to pursue claims deemed important to the public interest, and weakens the legal protection provided to plaintiffs who bring nonfrivolous actions from being assessed fees and costs.

■ "[A]n arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights created by the FEHA." (*Armendariz, supra,* 24 Cal.4th at p. 101.) For this reason, we agree with the trial court that the arbitration clause is substantively unconscionable, because it places Trivedi "at greater risk than if he brought his FEHA claims in court."

Nevertheless, Curexo argues that the attorney fee provision in the arbitration clause does not make it substantively unconscionable because the AAA rules allow the arbitrator to award "attorney[] fees and costs, in accordance with applicable law," and in the event of an "adverse material inconsistency" between the arbitration agreement and the AAA rules, the arbitrator will apply the AAA rules.

First, we are not at all convinced as to what AAA intends by its reference to "adverse material inconsistency," and whether it has application to the potential recovery of attorney fees under the FEHA, versus recovery by "the prevailing party" under the arbitration clause. More importantly, this argument was rejected in a similar context by our colleagues in the Fourth Appellate District in *Fitz, supra,* 118 Cal.App.4th 702. In that case, a terminated employee successfully challenged an arbitration provision in her employment agreement with her employer, NCR, on the basis that it was unconscionable with respect to her prospective FEHA claims. One of the contentions made by the plaintiff was that the limitations on discovery in the arbitration agreement constituted a substantively unconscionable provision under the standards set by *Armendariz.* (*Fitz, supra,* at pp. 715–721.) While the parties' agreement limited discovery to two depositions, under the AAA rules, the arbitrator could order discovery " 'as the arbitrator considers necessary.' " (*Id.* at p. 720.)

Because the arbitrator could allow broader discovery than that provided for in the arbitration agreement, NCR argued that its arbitration clause, if unconscionable, was saved by the "adverse material inconsistency" clause in the AAA rules which, like here, had been incorporated into the arbitration agreement. The appellate court rejected that argument, noting "the adverse material inconsistency cannot make the AAA discovery provisions trump the limits on discovery that NCR deliberately established in" the arbitration agreement. (*Fitz, supra,* 118 Cal.App.4th at p. 720.)

Moreover, the court expressed concern for the fact that, also like here, the AAA rules that were being invoked in an effort to save the arbitration agreement were not provided to the employee: "NCR's [arbitration agreement] policy similarly incorporates arbitration rules that were not attached and requires the other party to go to another source in order to learn the full ramifications of the arbitration agreement. The policy poses the potential for preliminary legal battles, as well, by failing to address whether modified AAA rules or only those AAA rules in effect at the time the policy was implemented apply to employment disputes. Additionally, allowing the rules of the AAA to trump NCR's modification would fail to provide employees with adequate notice of the applicable rules of discovery. To compound matters, there is also the very real potential for disparate enforcement of the [arbitration agreement] terms, since arbitrators may disagree on whether the policy's limits on discovery are materially inconsistent with AAA rules. NCR deliberately replaced the AAA's discovery provision with a more restrictive one, and in so doing failed to ensure that employees are entitled to discovery sufficient to adequately arbitrate their claims. NCR should not be relieved of the effect of an unlawful provision it inserted in the [arbitration agreement] policy due to the serendipity that the AAA rules provide otherwise. (See *O'Hare v. Municipal Resource Consultants* [(2003)] 107 Cal.App.4th [267,] 281–282 [132 Cal.Rptr.2d 116].)" (*Fitz, supra*, 118 Cal.App.4th at p. 721.)

*Fitz* is applicable here. There is no question that the arbitration clause in the parties' employment agreement is contrary to the FEHA as to its attorney fees and cost recovery provision. Even if that illegality could be saved by reference to AAA rules, which is a dubious proposition, relying on a document that Trivedi was never provided cannot relieve Curexo of the effect of the unlawful provision in the arbitration clause which it drafted and insisted upon.

The trial court also found the arbitration agreement's injunctive relief provision to be substantively unconscionable. Paragraph 12, the arbitration provision, includes the following statement: "[P]rovisional injunctive relief may, but need not, be sought in a court of law while arbitration proceedings are pending, and any provisional injunctive relief granted by such court shall remain effective until the matter is finally determined by the Arbitrator." The trial court concluded that the clause was substantively unconscionable, holding that "[t]he provision regarding injunctive relief also appears to create greater access to injunctive relief than what is permitted under C[ode of] C[ivil] P[rocedure] section 1281.8[, subdivision] (b). Since it seems more likely that [Curexo], as the employer, would seek injunctive relief, this provision also seems to support that the arbitration provision is substantively unconscionable." We interpret the court's reason as incorporating two points: (1) the injunctive relief provision allows for broader relief than does the

statute, and (2) because Curexo is more likely to invoke the remedy of injunctive relief, the provision favors it over Trivedi, and is unconscionable.

Code of Civil Procedure section 1281.8, subdivision (b), provides, in material part: "(b) A party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending, or if an arbitration proceeding has not commenced, in any proper court, an application for a provisional remedy in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief."

■ As to the scope of the injunctive relief provision, we agree with Curexo, and disagree with the trial judge. Paragraph 12's provision for injunctive relief is no broader than that provided for in Code of Civil Procedure section 1281.8, subdivision (b). While the statute expressly requires a showing that without provisional relief (the injunction issuing) the arbitration award may be ineffectual, that same showing is implicit in the remedy provided for in paragraph 12. Whether the request for injunctive relief is filed with the arbitrator or in court, one of the requirements for the invocation of the equitable remedy of injunction is that the moving party has no adequate remedy at law. (See *Woolley v. Embassy Suites, Inc.* (1991) 227 Cal.App.3d 1520, 1529 [278 Cal.Rptr. 719].) We are unconvinced that the distinction drawn by the trial judge merits a finding that the provision is substantively unconscionable.

However, we are convinced by the trial court's other observation that allowing the parties access to the courts only for injunctive relief favors Curexo, because it is "more likely that [Curexo], as the employer, would seek injunctive relief." While the trial judge did not cite authority supporting this conclusion, it is not a novel or unsupportable proposition. This same comment was made by the *Fitz* court, which observed that it is far more likely that employers will invoke the court's equitable jurisdiction in order to stop employee competition or to protect intellectual property. (*Fitz, supra,* 118 Cal.App.4th at p. 725.) This same point was made by the court in *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, 176 [116 Cal.Rptr.2d 671].

Therefore, we agree with the trial court's ultimate conclusion that the arbitration provision in the parties' employment agreement is both procedurally and substantively unconscionable.

### D. The Trial Court Did Not Err in Refusing to Sever the Unconscionable Provisions

■ Curexo claims that "even if the attorneys' fees language and/or the provisional injunctive relief language was objectionable, it is clear that this

language can be severed from the Agreement and the parties can still be compelled to arbitrate." Civil Code section 1670.5, subdivision (a) gives the trial court discretion to either refuse to enforce a contract it finds to be unconscionable, or to strike the unconscionable provision and enforce the remainder of the contract. It provides: "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." (*Ibid.*)

█ A trial court has discretion under Civil Code section 1670.5, subdivision (a) to refuse to enforce an entire agreement if the agreement is "permeated" by unconscionability. (*Armendariz, supra,* 24 Cal.4th at p. 122; see *Murphy v. Check 'N Go of California, Inc.* (2007) 156 Cal.App.4th 138, 149 [67 Cal.Rptr.3d 120] (*Murphy*).) An arbitration agreement can be considered permeated by unconscionability if it "contains more than one unlawful provision . . . . Such multiple defects indicate a systematic effort to impose arbitration . . . not simply as an alternative to litigation, but as an inferior forum that works to the [stronger party's] advantage." (*Armendariz, supra,* at p. 124; see *Murphy, supra,* at p. 148.) "The overarching inquiry is whether ' "the interests of justice . . . would be furthered" ' by severance. [Citation.]" (*Armendariz, supra,* at p. 124.)

█ We find no abuse of discretion under the facts of this case. At least two provisions[5] were properly found to be substantively unconscionable, a circumstance considered by our Supreme Court to "permeate[]" the agreement with unconscionability. (*Armendariz, supra,* 24 Cal.4th at p. 122.) We disagree with Curexo that the two provisions were "collateral" to the arbitration clause's primary purpose. We have already noted how highly our Legislature values the importance of attorney fee and cost recovery in wrongful employment termination litigation. While the trial court was free to sever the offending provisions, it was not required to do, and Curexo has not convinced us on appeal that the court abused its discretion. The defects in the agreement, when coupled with the procedural unconscionability underlying its formation, leads us to conclude that to enforce the agreement would, in practical effect, "impose arbitration on an employee . . . as an inferior forum that works to the employer's advantage." (*Armendariz, supra,* 24 Cal.4th at p. 124.)

---

[5] We need not, and do not, reach alternative grounds raised by Trivedi to attack the arbitration clause, including that AAA's confidentiality rules favor Curexo, and its claim that AAA lacks institutional neutrality.

## IV.

## DISPOSITION

The order denying the motion to compel arbitration is affirmed. Trivedi is to recover his costs and attorney fees incurred on appeal.

Reardon, J, and Rivera, J, concurred.