An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD HENDERSON, M.D., AN INDIVIDUAL; EMERGENCY PHYSICIANS MEDICAL GROUP, INC.; EMERGENCY MEDICINE PHYSICIAN PARTNERS, LLC; EMERGENCY MEDICINE PHYSICIANS WESTERN REGION; EMERGENCY MEDICINE PHYSICIANS OF CLARK SAINT ROSE (MCCOURT) PLLC; AND THOMAS ZYNIEWICZ, D.O.,
Appellants,
vs.
DAVID L. WATSON, M.D.,
Respondent.

No. 64545

FILED

APR 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

**ORDER AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING**

This is an appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

Respondent entered into an employment agreement with appellant Emergency Physicians Medical Group, Inc. (EPMG). The agreement contained an article providing that all disputes would be resolved through binding arbitration. When respondent was terminated, he filed an action in the district court and appellants filed a motion to dismiss and compel arbitration. The district court denied the motion concluding that the arbitration article was unconscionable, and thus, unenforceable. This appeal followed.

Having considered the parties' briefs and the record on appeal, we conclude that the district court properly denied appellants' motion to dismiss for lack of subject matter jurisdiction but erred in denying

SUPREME COURT
OF
NEVADA

(O) 1947A

15-13011

appellants' motion to compel arbitration.[1] As a threshold matter, appellants assert for the first time on appeal that the district court lacked subject matter jurisdiction to determine the enforceability of the employment agreement because the agreement contained a clause delegating such authority to the arbitrator. We conclude that the existence of the delegation clause does not implicate the district court's subject matter jurisdiction, and appellants have waived this argument by failing to raise the issue below. *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005) (recognizing that "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings pending arbitration rather than to dismiss outright" (emphasis omitted)). Further, because the district court was not divested of subject matter jurisdiction, the court did not err in denying appellants' request to dismiss the action under NRCP 12(b)(1) and we affirm the district court's order in that regard.

---

[1]We conclude that California law is applicable here as the employment agreement provides that California law will apply, the agreement is not contrary to Nevada public policy, and California has a substantial relationship with this action because EPMG is a California corporation. *See Progressive Gulf Ins. Co. v. Faehnrich*, 130 Nev. Adv. Op. No. 19, 327 P.3d 1061, 1063-64 (2014) (providing that Nevada courts will honor choice of law provisions in contract actions when the situs fixed by the agreement has a substantial relationship with the transaction and the agreement is not contrary to the public policy of the forum); *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553-54, 96 P.3d 1159, 1162-63 (2004) (demonstrating that Nevada applies the same standards in determining the enforceability of an arbitration agreement as California); *see also generally Nedlloyd Lines B.V. v. Superior Court of San Mateo Cnty.*, 834 P.2d 1148, 1153 (Cal. 1992) (explaining that "[a] party's incorporation in a state is a contact sufficient to allow the parties to choose that state's law to govern their contract" (internal quotation marks omitted)).

The district court, however, erred in concluding that the arbitration article is unconscionable, and thus, unenforceable. *Baker v. Osborne Dev. Corp.*, 71 Cal. Rptr. 3d 854, 860 (Ct. App. 2008) (applying de novo review in determining whether an arbitration agreement is unconscionable, but reviewing factual inferences relied on by the district court under the substantial evidence standard). To conclude that a contract is unenforceable based on unconscionability, the contract must be both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000). While both forms of unconscionability must be present for a contract to be deemed unenforceable, they can be present on a sliding scale, meaning "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* Here, there is only a small degree of evidence demonstrating that the arbitration article is procedurally and substantively unconscionable.

Procedural unconscionability

In analyzing procedural unconscionability, the circumstances surrounding the formation and negotiation of the contract are relevant, with a focus on whether there was "an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice" or whether a party may be surprised by the unconscionable term, meaning "the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms." *Bruni v. Didion*, 73 Cal. Rptr. 3d 395, 409 (Ct. App. 2008) (internal quotations omitted). While the fact that the contract is an employment agreement lends some credence to the idea that the contract is a contract of adhesion, and thus procedurally unconscionable, respondent did not

present any evidence other than his own statement that he was unable to negotiate the contract. *See Mission Viejo Emergency Med. Assocs. v. Beta Healthcare Grp.*, 128 Cal. Rptr. 3d 330, 336 (Ct. App. 2011) (providing that the party opposing enforcement of an arbitration agreement has the burden of establishing that the agreement is unenforceable). Further, respondent signed the arbitration article independently from the rest of the contract in an outlined box that provided in bold letters that he had the opportunity to have an attorney review the provision. He also signed the contract a full month before EPMG's president, indicating that he had time for an attorney to review the contract and time to negotiate the contract.

The district court relied upon EPMG's failure to provide respondent with copies of the American Arbitration Association (AAA) rules, Federal Rules of Civil Procedure, and Federal Arbitration Act as evidence of procedural unconscionability because the contract provided that certain provisions from each would be applicable. *Trivedi v. Curexo Tech. Corp.*, 116 Cal. Rptr. 3d 804, 808 (Ct. App. 2010) (providing that "the failure to provide a copy of the arbitration rules to which the employee would be bound, supported a finding of procedural unconscionability"). Because the AAA rules were applicable except for a few instances involving discovery and pre-hearing motions, EPMG's failure to provide respondent with copies of these three documents only demonstrates procedural unconscionability to a small extent. *See generally Lane v. Francis Capital Mgmt. LLC*, 168 Cal. Rptr. 3d 800, 811-12 (Ct. App. 2014) (providing that "the failure to attach the arbitration rules could be a factor in support of a finding of procedural unconscionability, but [we] disagree that the failure, by itself, is sufficient to sustain a finding of procedural

unconscionability"). Thus, in considering all of the above, the arbitration article is procedurally unconscionable but only to a small degree.

Substantive unconscionability

The substantive element of unconscionability focuses on the actual terms of the contract and assesses whether those terms are overly harsh or one-sided. *Armendariz*, 6 P.3d at 690. Neither the availability of preliminary injunctive relief, *see* Cal. Civ. Pro. Code § 1281.8(b) (allowing a party to an arbitration agreement to seek preliminary injunctive relief regardless of the arbitration agreement's language), nor the unavailability of an appeal from the arbitrator's decision demonstrates substantive unconscionability because they apply equally to both parties. And EPMG's duty to pay the arbitration costs incurred by both parties that would not be incurred if the matter proceeded in court does not demonstrate substantive unconscionability. Further, because respondent did not argue that an adequate remedy would be unavailable to him in the chosen jurisdiction, the choice-of-law and forum-selection provisions are not substantively unconscionable. *See Olinick v. BMG Entm't*, 42 Cal. Rptr. 3d 268, 283 (Ct. App. 2006) (providing that "[a]n employer and an employee may validly agree to select a forum other than California, and may validly select the substantive law of another jurisdiction, provided the employee has an adequate remedy for his or her discrimination claim in the selected forum" (emphasis omitted)); *see also Mission Viejo*, 128 Cal. Rptr. 3d at 335.

Nevertheless, the presence of the confidentiality provision precluding the use or release of evidence outside of the arbitration proceeding demonstrates substantive unconscionability. *See Ting v. AT&T*, 319 F.3d 1126, 1151-52 (9th Cir. 2003) (recognizing that "[c]onfidentiality provisions usually favor companies over individuals . . .

SUPREME COURT
OF
NEVADA

(O) 1947A

because companies continually arbitrate the same claims," and gag orders on those arbitrations prevent plaintiffs from accessing a body of knowledge regarding those companies). Additionally, because respondent has a conspiracy claim pending in the district court and arising from the same facts and circumstances as this matter, if he is unable to use the evidence discovered during arbitration, he will be forced to incur unfair duplicative costs.[2] But the presence of the confidentiality provision alone is not sufficient to establish the high degree of substantive unconscionability necessary to render the arbitration article unenforceable.[3]

Thus, because there is only minimal evidence that the arbitration article is procedurally and substantively unconscionable, the district court erred in concluding that the arbitration article is unenforceable and denying appellants' motion to compel arbitration. Accordingly, we reverse the district court's denial of appellants' motion to

---

[2]While appellants argue that this court cannot consider the effect the conspiracy claim has on the enforceability of the arbitration article because this court must review the article at the time it was made, in order to determine if the arbitration article is sufficiently bilateral, this court may examine the actual effects of the challenged provisions. *Acorn v. Household Int'l, Inc.*, 211 F. Supp. 2d 1160, 1169-71 (D. Cal. 2002).

[3]We note that on remand the confidentiality provision could be severed, allowing enforcement of the arbitration article minus the confidentiality provision, because no other provision of the arbitration article is substantively unconscionable and the contract provides that when one provision is held to be unenforceable, the remaining provisions shall continue in full force. *See Armendariz*, 6 P.3d at 695-96 (explaining that when one unconscionable provision is present, it can be severed from an agreement to allow the majority of the agreement to be imposed); *see also Woodside Homes of Cal., Inc. v. Superior Court*, 132 Cal. Rptr. 2d 35, 42 (Ct. App. 2003) (discussing severing a confidentiality provision from the rest of the agreement).

compel arbitration and remand this matter to the district court for proceedings consistent with this order.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. Kerry Louise Earley, District Judge
      Salvatore C. Gugino, Settlement Judge
      Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
      Fennemore Craig Jones Vargas/Las Vegas
      Eighth District Court Clerk