Filed 2/16/16  Capachi v. Alta Education CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| NICKI CAPACHI, | C071025 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2011-00113652-CU-WT-GDS) |
| v. | |
| ALTA EDUCATION, LLC, | |
| Defendant and Appellant. | |

The superior court denied defendant Alta Education, LLC's petition to compel arbitration of plaintiff Nicki Capachi's employment discrimination claims.  The court determined that the arbitration agreement was procedurally unconscionable because it incorporated the 1989 Model Employment Arbitration Procedures of the American Arbitration Association but Alta Education did not provide Capachi with a copy of the 1989 Model Employment Arbitration Procedures.  On appeal, we conclude that Capachi failed to make a factual showing supporting her opposition to the petition to compel

1

arbitration.  Therefore, we reverse and remand with directions to the superior court to grant the petition.

BACKGROUND

After her employment was terminated, Capachi filed a complaint against her former employer Alta Education alleging causes of action for disability discrimination and other employment claims.

In response, Alta Education filed a petition to compel arbitration, presenting the arbitration agreement as an attachment to a declaration.  The agreement, signed in 2008 by both parties, provided that "[t]he arbitrator shall be bound by the provisions and procedures set forth in the 1989 Model Employment Arbitration Procedures of the American Arbitration Association."  Alta Education also attached a copy of the 1989 Model Employment Arbitration Procedures to its petition to compel arbitration.

In opposition to the motion, Capachi provided points and authorities.  She also filed the declaration of her attorney stating that the request for arbitration was denied because the attorney believed the facts of this case were similar to another superior court case in which a petition to compel arbitration was denied.  She attached the minute order from the other case.  No other facts were proffered.

In the points and authorities, Capachi alleged that the arbitration agreement was procedurally unconscionable because she was "forced to sign the agreement and was not provided a copy of the 1989 Model Employment Arbitration Procedures . . . ."  She also alleged that it was substantively unconscionable because (1) there were no rules regarding discovery, (2) the agreement and model rules do not require a written decision, and (3) they impose a risk that she may be required to pay arbitration costs if she does not prevail.

The superior court denied the petition to compel arbitration.

The court held that Alta Education had met its burden to show that there was a valid agreement to arbitrate the causes of action in the complaint, thus shifting the burden

2

to Capachi to show that the agreement cannot be enforced because it is both procedurally and substantively unconscionable. (*Mission Viejo Emergency Medical Associates v. Beta Healthcare Group* (2011) 197 Cal.App.4th 2246, 1158.)

Concerning procedural unconscionability, the court rejected Capachi's allegation that she was forced to sign the agreement – that is, that it was a contract of adhesion – because she did not submit a declaration establishing that fact. However, the court concluded the agreement was procedurally unconscionable because Alta Education did not provide a copy of the 1989 Model Employment Arbitration Procedures, relying on *Trivedi v. Curexo Technology Corp.* (2010) 189 Cal.App.4th 387 (*Trivedi*).

Concerning substantive unconscionability, the court held that Capachi met her burden because the agreement does not require a written decision and does not provide for judicial review.

DISCUSSION

We begin with text from the Supreme Court's decision in *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 (*Armendariz*), in which the court considered "objections to arbitration that apply more generally to any type of arbitration imposed on the employee by the employer as a condition of employment, regardless of the type of claim being arbitrated. These objections fall under the rubric of unconscionability." (*Id*. at p. 113.)

The *Armendariz* court explained: "Unconscionability analysis begins with an inquiry into whether the contract is one of adhesion. [Citation.] 'The term [contract of adhesion] signifies a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.' [Citation.] If the contract is adhesive, the court must then determine whether 'other factors are present which, under established legal rules -- legislative or judicial -- operate to render it [unenforceable].' [Citation.] 'Generally speaking, there are two judicially imposed limitations on the enforcement of adhesion

3

contracts or provisions thereof.  The first is that such a contract or provision which does not fall within the reasonable expectations of the weaker or "adhering" party will not be enforced against him.  [Citations.]  The second -- a principle of equity applicable to all contracts generally -- is that a contract or provision, even if consistent with the reasonable expectations of the parties, will be denied enforcement if, considered in its context, it is unduly oppressive or "unconscionable." ' [Citation.]  Subsequent cases have referred to both the 'reasonable expectations' and the 'oppressive' limitations as being aspects of unconscionability.  [Citation.]" (*Armendariz, supra,* 24 Cal.4th at p. 113.)

The *Armendariz* court continued:  " '[U]nconscionability has both a "procedural" and a "substantive" element,' the former focusing on ' "oppression" ' or ' "surprise" ' due to unequal bargaining power, the latter on ' "overly harsh" ' or ' "one-sided" ' results.  [Citation.]  'The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.'  [Citation.]  But they need not be present in the same degree.  'Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves.'  [Citations.]  In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Armendariz, supra,* 24 Cal.4th at p. 114, italics omitted.)

Our review of the superior court's denial of the petition to compel arbitration is de novo because the superior court did not resolve any factual dispute.  (*Murphy v. Check 'N Go of California, Inc.* (2007) 156 Cal.App.4th 138, 144, abrogated on a different point as noted in *Malone v. Superior Court* (2014) 226 Cal.App.4th 1551, 1556.)  Capachi claims that the superior court resolved a factual dispute because it determined that the agreement between her and Alta Education and the incorporated model rules did not

4

provide for a written award. To the contrary, contract interpretation and interpretation of the model rules, with no disputed extrinsic evidence, presents a matter of law for this court, which we determine de novo. (*Wolf v. Walt Disney Pictures & Television* (2008) 162 Cal.App.4th 1107, 1134.)

Here, Capachi failed to make even the most fundamental showing required to find the arbitration agreement unenforceable: she failed to show that it was a contract of adhesion. She made allegations in that regard but did not satisfy her burden of establishing facts to support those allegations. Thus, she did not show that (1) the arbitration agreement was a standardized contract, (2) it was drafted by Alta Education, (3) Alta Education had superior bargaining strength, and (4) the agreement relegated to her as the subscribing party only the opportunity to adhere to the contract or reject it. Having failed to show that the arbitration agreement was a contract of adhesion, she failed utterly to show that the agreement was unconscionable. On this basis alone, the court should have rejected Capachi's opposition to the petition to compel arbitration.

We cannot assume that Alta Education required Capachi to sign the arbitration agreement in order to be employed. And we cannot make assumptions about the negotiating process that resulted in Capachi's employment – whether Capachi was recruited by Alta Education or whether she made the first inquiry. We also do not know how long Capachi had to review the arbitration agreement before she signed it or whether she obtained a copy of the 1989 Model Employment Arbitration Procedures.

Even if we assume for the purpose of argument that the arbitration agreement was a contract of adhesion, Capachi failed to establish that it was procedurally unconscionable. As the superior court noted, the only factor it relied on to find procedural unconscionability was that Alta Education did not provide to Capachi a copy of the 1989 Model Employment Arbitration Procedures. While that may have been a factor contributing to a finding of procedural unconscionability if there had been other supporting factors, alone it was not enough.

5

The superior court cited *Trivedi, supra,* 189 Cal.App.4th 387 (First Appellate District, Division Four, Ruvolo, P. J., with Reardon and Rivera, JJ., concurring). In that case, the court found that the arbitration agreement was procedurally unconscionable because there were three factors supporting such a finding: the agreement was prepared by the employer; it was mandatory; and the employer did not give the employee a copy of the model rules incorporated into the arbitration agreement. (*Id*. at p. 393.)

Since *Trivedi*, courts have rejected the idea that failure to provide a copy of the incorporated model rules, by itself, supports a finding of procedural unconscionability. (*Lane v. Francis Capital Management LLC* (2014) 224 Cal.App.4th 676, 691-692 (*Lane*) (Second Appellate District, Division Four, Manella, J., with Epstein, P. J., and Willhite, J., concurring); *Peng v. First Republic Bank* (2013) 219 Cal.App.4th 1462, 1472 (*Peng*) (First Appellate District, Division One, Dondero, J., with Margulies, Acting P. J., and Banke, J., concurring); see also *Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165, 179-180 (First Appellate District, Division Four, Ruvolo, P. J., with Reardon and Rivera, JJ., concurring).)

In *Peng*, the court distinguished *Trivedi* because there were several factors supporting a finding of procedural unconscionable in *Trivedi*. (*Peng, supra,* 219 Cal.App.4th at pp. 1471-1472.) But in the case before it, the *Peng* court reasoned that the failure to attach the incorporated arbitration rules, "standing alone, is insufficient grounds to support a finding of procedural unconscionability." (*Ibid*.)

In *Lane,* the court wrote: "[T]he failure to attach a copy of the [arbitration] rules did not render the agreement procedurally unconscionable." (*Lane, supra,* 224 Cal.App.4th at p. 691.)

We agree with these later cases distinguishing *Trivedi*. As in the later cases, there is no factor in this case supporting a finding of procedural unconscionability other than the failure to provide a copy of the model rules. Consequently, we find no support for the superior court's determination that the failure to provide a copy of the 1989 Model

6

Employment Arbitration Procedures, without more, was sufficient to establish procedural unconscionability.

Having found that, on this record, the arbitration agreement was neither a contract of adhesion nor procedurally unconscionable, we hold that the agreement is enforceable. Consequently, we need not consider whether the arbitration agreement is substantively unconscionable. (*Armendariz, supra,* 24 Cal.4th at p. 114 [both procedural and substantive unconscionability must be shown to avoid enforcement of arbitration agreement].)

DISPOSITION

The order denying the petition to compel arbitration is reversed, and the matter is remanded with directions to the superior court to enter an order compelling arbitration. Alta Education is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

                                           NICHOLSON          , Acting P. J.

We concur:

        HULL             , J.

        BUTZ             , J.

7