Filed 7/31/24  Lodes v. Transmodus Corp. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WILLIAM LODES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TRANSMODUS<br>CORPORATION et al.,<br><br>    Defendants and Appellants. | 2d Civ. No. B332111<br>(Super. Ct. No.<br>2023CUWT011076)<br>(Ventura County) |

The trial court denied an employer's motion to compel arbitration, finding that the arbitration provisions in an employment contract were both procedurally and substantively unconscionable.  We affirm.

FACTS

Transmodus Corporation (Transmodus) hired William Lodes as its chief revenue officer in July 2020.  At the time Lodes was hired, the parties executed an Executive Employment Agreement (Agreement) relating to Lodes's employment.  The Agreement contained an arbitration provision as follows:

Section 6 prohibits Lodes from disclosing confidential information concerning Transmodus.

Section 7 prohibits Lodes from directly or indirectly competing with Transmodus.

Section 9 requires Lodes to return all confidential information as well as other property to Transmodus on termination of employment.

Section 10 provides: "[Lodes] and [Transmodus] agree that any breach or evasion of the terms of Sections 6, 7, and 9 of this Agreement will result in immediate and irreparable harm to [Transmodus]. Therefore, in the event of any controversy concerning the rights or obligations of the parties under Sections 6, 7, or 9 of this Agreement, [Transmodus] shall be entitled to obtain an injunction and/or specific performance as well as any other legal or equitable remedy necessary in order to compel compliance with Sections 6, 7 and 9 hereof. Such remedies, however, shall be cumulative and nonexclusive and shall be in addition to any other remedy or remedies to which [Transmodus] may be entitled."

Section 13.1 provides: "To the fullest extent permitted by the law, all disputes between [Lodes]; (and his successors and assigns) and [Transmodus] (and its officers, directors, employers, agents, successors, affiliates and assigns) relating in any manner whatsoever to the employment or termination of [Lodes], including, without limitation, all disputes arising out of or related to this Agreement (the 'Arbitrable Claims'), shall be resolved by final and binding arbitration. All persons and entities specified in the preceding sentence (other than [Transmodus] and [Lodes]) shall be considered third-party beneficiaries of the rights and obligations created by this Section on Arbitration. Arbitrable

Claims shall include, but are not limited to, contract (express or implied) and tort claims of all kinds, as well as all claims based on any federal, state, or local law, statute, or regulation, excepting only claims under applicable workers' compensation law and unemployment insurance claims. By way of example and not in limitation of the foregoing, Arbitrable Claims, shall include (to the fullest extent permitted by law) any claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act and the California Fair Employment and Housing Act (and any similar state or local civil rights law), as well as any claims asserting wrongful termination harassment, breach of contract, breach of the covenant of good faith and fair dealing, negligent or intentional infliction emotional distress, negligent or intentional misrepresentation, negligent or intentional interference with contract or prospective economic advantage, defamation, invasion of privacy, and claims related to disability."

Section 13.2 provides in part: "Arbitration of Arbitrable Claims shall be in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association, as amended ('AAA Employment Rules'), as augmented in this Agreement . . . . Either party may bring an action in court to compel arbitration under this Agreement and to enforce an arbitration award. Otherwise, neither party shall initiate or prosecute any lawsuit or administrative action in any way related to any Arbitrable Claim. Notwithstanding the foregoing, either party may, at its option, seek injunctive relief to enforce Sections 6, 7, and 9 of this Agreement. All arbitration hearings under this Agreement shall be conducted in Ventura

3

County, California. The parties hereby waive any rights they may have to trial by jury in regard to any right to trial by jury as to the making, existence, validity, or enforceability of this Agreement to arbitrate." (Some capitalization omitted.)

Section 13.4 of the Agreement provides in part: "All proceedings and all documents prepared in connection with any Arbitrable Claim shall be confidential and, unless otherwise required by law, the subject matter thereof shall not be disclosed to any person other than the parties to the proceedings, their counsel, witnesses and experts, the arbitrator, and, if involved, the court and court staff. All documents filed with the arbitrator or with a court shall be filed under seal. The parties shall stipulate to all arbitration and court orders necessary to effectuate fully the provisions of this subsection concerning confidentiality."

*Lodes Sues After Being Terminated*

Transmodus terminated Lodes's employment in December 2022. Lodes filed a complaint in superior court against Transmodus and its chief executive officer, Robert McShirley (collectively hereafter Transmodus). The complaint alleged causes of action for unlawful retaliation, wrongful termination, failure to pay wages, failure to indemnify for necessary business expenses, waiting time penalties, breach of contract, and fraudulent inducement. It is undisputed that all the causes of action relate to Lodes's employment.

Transmodus responded with a motion to compel arbitration. Lodes opposed the motion on the ground that the Agreement was unconscionable. In opposition, Lodes declared that: 1) no one reviewed or discussed the Agreement with him, told him the Agreement was voluntary, or that its terms were

4

negotiable; 2) the Agreement was a condition of employment; 3) he had no part in drafting the Agreement; 4) McShirley told him that the Agreement fully complied with California law; 5) no one told him he was giving up his right to pursue administrative remedies with state agencies; and 6) no one provided him with the AAA Rules for the resolution of employment disputes or directed him to where he could find the rules.

*Ruling*

The trial court stated as follows: "The Court . . . finds that the arbitration provision in Section 13 of the [Agreement] is moderately procedurally unconscionable, on the grounds that (a) the Agreement is a contract of adhesion and [Lodes] was given no opportunity to negotiate the terms of the arbitration provision therein; (b) there was some oppression accompanying the execution of the Agreement, in that the arbitration provision therein is relatively long and complex, it was not explained to him, and [Lodes] was required to execute the Agreement as a condition of his employment; and (c) there was a modest amount of surprise associated with the arbitration provision, in that given the length and complexity of the arbitration provision, its interaction with other Sections of the Agreement, there appears to be a reasonable doubt that [Lodes's] consent to these terms was fully informed."

The trial court found that the Agreement was substantively unconscionable as follows: "The Court further finds that the Agreement and the arbitration provision therein are permeated with multiple substantively unconscionable provisions, including (a) the 'injunctive relief' carve-out in Section 13.2 of the Agreement which, particularly when considered in conjunction with the stipulations in Section 10, is highly favorable to

5

Transmodus and evidences a lack of mutuality; (b) the waiver of [Lodes's] right to initiate administrative proceedings in Section 13.2, which deprives [Lodes] of statutory rights under the Fair Employment [and] Housing Act and to a Berman hearing[1] before the Labor Commissioner; (c) the waiver of the right to a jury trial for non-arbitrable claims in Section 13.2, which is contrary to California law; and (d) the overbroad confidentiality provision in Section 13.4, which does not appear to be supported by a legitimate business purpose. The Court finds that these substantively unconscionable provisions could not be eliminated without rewriting/reforming significant provisions in the Agreement and based on this finding, declines to sever the offensive provisions."

## DISCUSSION

### I. Standard of Review

An arbitration agreement, like any other contract, is not enforceable if it is found to be unconscionable under the state law of contract. (*Armendariz v. Foundation Health Psychare Services, Inc.* (2000) 24 Cal.4th 83, 114) (*Armendariz*).) Unconscionability requires a finding that a contract is both procedurally and substantively unconscionable. (*OTO, LLC v. Kho* (2019) 8 Cal.5th 111, 125) (OTO).) But procedural and substantive unconscionability need not be present in the same degree. (*Ibid*.) Instead, a "sliding scale" is employed: the greater the presence of one, the less of the other is needed for a contract to be unenforceable. (*Ibid*.) The parties agree that because the facts

---

[1] An employee may seek administrative relief by filing a wage claim with the Labor Commissioner pursuant to sections 98 to 98.8 of the Labor Code. Hearings on these claims are commonly known as "Berman hearings."

are not in dispute, the standard of review is de novo.  (*Bautista v. Fantasy Activewear, Inc.* (2020) 52 Cal.5th 650, 655.)

<i>II. Procedural Unconscionability</i>

Procedural unconscionability focuses on the circumstances of contract formation, addressing oppression or surprise due to unequal bargaining power.  (*OTO, supra*, 8 Cal.5th at p. 125.)

Transmodus does not contest that the Agreement is a contract of adhesion.  That alone can make it procedurally unconscionable.  (*Armendariz, supra*, 24 Cal.4th at p. 115 [in pre-employment contracts the economic pressure executed by employers may be particularly acute].)

In addition, procedural unconscionability has been found where the advantages and disadvantages of arbitration were not adequately explained to the employee.  (*Gentry v. Superior Court* (2007) 42 Cal.4th 443, 470.)  Procedural unconscionability has also been found where the applicable rules referred to in the agreement were not provided to the employee at the time the agreement was signed (*Trivedi v. Curexo Technology Corp.* (2010) 189 Cal.App.4th 387, 393) and where the agreement contains complex sentences, statutory references, and legal jargon. (*OTO, supra*, 8 Cal.5th at p. 128.)

Here in addition to the contract being adhesive, the advantages and disadvantages of arbitration were not explained to Lodes, the applicable rules of arbitration were not provided to him, and the Agreement contained complex sentences and unexplained statutory references.  The trial court was generous to Transmodus in its description of the procedural unconscionability as "moderate."

<u>*III. Substantive Unconscionability*</u>

Substantive unconscionability concerns the fairness of an agreement's terms and whether the terms are overly harsh or one-sided.  (*OTO*, *supra*, 8 Cal.5th at p. 125.)

*(a) Equitable Relief*

Here the Agreement exempts from arbitration the right to seek injunctive relief to: prevent Lodes from disclosing confidential information, prevent Lodes from competing with Transmodus, and require information and company property.  The Agreement places no similar obligations on Transmodus.

In *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, the agreement excluded from arbitration: claims for equitable relief for intellectual property violations, unfair competition, and disclosure of trade secrets.  (*Id*. at p. 176.)  The appellate court concluded that the agreement suffered from substantive unconscionability because it excluded from arbitration claims most likely to be brought by the employer, and required arbitration of claims most likely to be brought by the employee.  (*Ibid*.)  The Agreement here suffers from the same defect.  It excludes from arbitration claims most likely to be brought by Transmodus while relegating to arbitration claims most likely to be brought by Lodes.

Transmodus's reliance on *Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237 (*Baltazar*) is misplaced.  In *Baltazar*, our Supreme Court held that an arbitration agreement was not substantially unconscionable insofar as it allowed the parties to seek a temporary restraining order or a preliminary injunction.  (*Id*. at pp. 1247-1248.)  The provision did no more than recite the procedural protections secured by Code of Civil Procedure section

8

1281.8, subdivision (b) of the California Arbitration Act. (*Id*. at p. 1247.)

But here the Agreement did not confine Transmodus to seeking in court the provisional remedies of a temporary restraining order or preliminary injunction authorized by Code of Civil Procedure section 1281.8, subdivision (b). Instead, the Agreement gave Transmodus plenary authorization to seek equitable relief to protect confidential information, protect against competition, and for return of confidential information and property. Where, as here, the "carve-out" is not limited to provisional remedies, the Agreement is substantively unconscionable. (*Farrar v. Direct Commerce, Inc.* (2017) 9 Cal.App.5th 1257, 1273.)

Moreover, the Agreement requires Lodes to stipulate to the existence of irreparable injury to Transmodus and to consent to the issuance of an injunction. Those provisions are also substantively unconscionable. (*Alberto v. Cambrian Homecare* (2023) 91 Cal.App.5th 482, 492.)

*(b) Statutory Rights*

An arbitration agreement cannot limit statutorily imposed remedies. (*Armendariz*, *supra*, 24 Cal.4th at p. 103.) Here the Agreement bars Lodes from pursuing any "administrative action in any way related to an Arbitrable Claim." The provision is clearly substantively unconscionable. It prevents Lodes from seeking relief under, among other administrative provisions, the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) and proceedings before the Labor Commissioner (see Lab. Code, § 98 et seq.).

*(c) Confidential Arbitration*

The Agreement provides in part: "All proceedings and all documents prepared in connection with any Arbitrable Claim shall remain confidential . . . ."

Transmodus argues it has the right to keep its trade secrets confidential. Lodes does not dispute that. But the Agreement goes far beyond the confidentiality of trade secrets. The Agreement requires the arbitration proceedings themselves to remain confidential.

Such broad confidentiality provisions are unconscionable because they prevent an employee from contacting other employees to assist in litigating or arbitrating an employee's case. (*Ramos v. Superior Court* (2018) 28 Cal.App.5th 1042, 1065-1066; *Davis v. O'Melveny & Myers* (9th Cir. 2007) 485 F.3d 1066, 1078-1079).)

Transmodus's reliance on *Baltazar*, *supra*, 62 Cal.4th at page 1250 is misplaced. There the confidentiality agreement was limited to "trade secrets and proprietary and confidential information." (*Ibid*.) The Agreement here is not so limited.

*(d) Jury Waiver for Non-Arbitrable Claims*

The Agreement calls for waiver of a jury trial for non-arbitrable causes of action. Such pre-dispute jury trial waivers are unconscionable. (*Dougherty v. Roseville Heritage Partners* (2020) 47 Cal.App.5th 93, 107) (*Dougherty*).)

*(e) Severability*

Transmodus does not argue that the unconscionable provisions can be severed. Severability is usually allowed where only one provision is unconscionable. (*Dougherty*, *supra*, 47 Cal.App.5th at p. 107.) Here unconscionability permeates the

10

entire Agreement.  In fact, it is difficult to think of a prohibition on unconscionability this Agreement does not violate.

DISPOSITION

The judgment (order) is affirmed.  Costs are awarded to respondent.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

————————————————

        The Wales Law Firm and Michael G. Wales for Defendants and Appellants.

        Law Offices of Christina M. Coleman and Christina M. Coleman for Plaintiff and Respondent.