Filed 10/8/15  Somers v. Pletcher CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| KEITH SOMERS,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MITCHELL PLETCHER et al.,<br><br>    Defendants and Appellants. | B253975<br><br>(Los Angeles County<br>Super. Ct. No. BC507823) |


APPEAL from a judgment of the Superior Court of the County of Los Angeles, Robert L. Hess, Judge.  Affirmed.

Herrera & Associates, P.C., Alex H. Herrera for Plaintiff and Respondent.

Long & Delis, T. Patrick Long, Warren B. Campbell for Defendants and Appellants.

## INTRODUCTION

Defendants Mitchell Pletcher, Mitchell Anthony Productions, LLC (the production company), and Concord Investment Counsel appeal from an order denying their motion to compel arbitration. (Code Civ. Proc., § 1294, subd. (a) [an order denying a motion to compel arbitration is directly appealable.].) Plaintiff, Keith Somers, was employed by the production company as an actor, dancer, and vocalist for a theatrical show. He filed a complaint against defendants and others for various causes of action, including violations of the Fair Employment and Housing Act. Defendants moved to compel arbitration, citing an arbitration agreement signed by plaintiff and the production company. Plaintiff opposed the motion on various grounds, including the ground that the agreement was unconscionable. The trial court denied the defendants' motion. In the appeal, defendants contend the agreement is not unconscionable and should be enforced. We affirm the order denying the motion to compel arbitration.

## BACKGROUND

### A. Plaintiff's Complaint

In a verified first amended complaint filed on August 2, 2013,[1] plaintiff alleges the following. Mr. Pletcher resides in Irvine, California. He is a sole shareholder, director, and officer of the production company, a California corporation based in Irvine. Mr. Pletcher is the sole shareholder, director, and officer of Concord Investment Counsel, Inc., a California corporation.

On January 7, 2013, plaintiff and the production company entered into a written agreement, called "Independent Contractor's Agreement" (agreement) for plaintiff to be in the cast of a musical theater production called "Beautiful" for a total compensation of about $30,000. Mr. Pletcher signed the agreement on behalf of the production company.

---

[1] A complaint was filed May 3, 2013. Plaintiff was granted a waiver of court fees.

Defendants made misrepresentations regarding the legitimacy of the theatrical production, the production team's experience and previous success, and the opening date and venue of the show, and they made false promises regarding compensation and schedules. Two hours after signing the agreement, plaintiff was offered a job with the Discovery Channel, which plaintiff declined. The musical production was a sham: it was intended to be a tax evasion scheme, not a legitimate production. Defendants did not comply with the original rehearsal, performance or compensation schedule. Within weeks, the performance venue, script, and role of the cast changed, which reduced the schedule and compensation of plaintiff. Plaintiff informed Mr. Pletcher of his financial position and stated he absolutely needed compensation from this job. Mr. Pletcher and plaintiff entered into a new agreement regarding a new script, venue, and schedule, but plaintiff was not included in rehearsal schedules or paid for his work and time dedicated to the project. Plaintiff suffered financial hardship.

Plaintiff alleges numerous causes of action against defendants, including: fraud; constructive fraud; conspiracy to defraud; intentional and negligent misrepresentation; intentional interference with economic advantage; written and oral contract breach; breach of the implied covenant of good faith and fair dealing; violations of the Fair Employment and Housing Act (disparate impact, failure to prevent harassment and discrimination, and hostile work environment); infliction of intentional emotional distress; and intentional misclassification as an independent contractor. The agreement contained an arbitration provision. Plaintiff alleged the cause of action for breach of written contract was outside the scope of the provision. Further, plaintiff objected to the arbitration provision on the ground it was unconscionable procedurally, due to inequality in bargaining power, and unconscionable substantively, due to the requirement plaintiff arbitrate in expensive federal arbitration and bear his own costs. Further, as plaintiff was not compensated pursuant to the agreement, it was impossible for him to bear the costs.

3

B. Motion to Compel Arbitration

1. Defendants' Motion

On June 28, 2013, Mr. Pletcher filed a motion to compel arbitration and stay the action. The production company and Concord Investment Counsel joined the motion. In a memorandum of points and authorities, Mr. Pletcher cited to the arbitration provision in the agreement: " 'In the event of any dispute arising under or involving any provision of this Agreement or any dispute regarding claims involving unlawful discrimination and/or unlawful harassment, not arising out of the termination of employment, or the termination of employment (with the exception of . . . any wage and hour matter within the jurisdiction of the California Labor Commissioner), contractor [plaintiff] and the Company agree to submit any such dispute to binding arbitration pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. section 1, et. Seq. [sic], if applicable, or the provisions of Title of Part III [sic] of the California Code of Civil Procedure, commencing at Section 1280 et. seq. . . . if the Federal Arbitration Act does not apply to contractor's employment . . . .'" The provision further provides: "Contractor and the company agree that arbitration shall be the exclusive forum for resolving all disputes arising out of or involving the contractor's employment with the Company or the termination of that employment (with the exception of . . . any wage and hour matter within the jurisdiction of the California Labor Commissioner[.]" "The contractor and the Company shall each bear their own costs for legal representation at any such arbitration and the cost of the arbitrator, court reporter, if any, and any incidental costs of arbitration."

Mr. Pletcher contended that under both federal and state law, the arbitration provision is enforceable as to all of plaintiff's claims.

The agreement was attached to the motion. Under the agreement, plaintiff had the position of "artist/dancer,vocalist/Lorenzo." Plaintiff agreed to participate in rehearsals at dance studios in Los Angeles and performances of the stage show under the

4

supervision of Mr. Pletcher, who was the producer/director, the choreographer, and all production staff. The agreement provided the work week would be determined by the director but would generally be five days a week, with potential for six to seven day weeks, for a duration estimated to be 12 weeks. Compensation was $200 per day for each rehearsal day and $250 per performance or, if there were two performances in one day, $150 per performance. "Beautiful" would be produced at the Saban Theater, the estimated date for the first performance was April 12, 2013, and the show would run for 12 weeks.[2]

## 2. Plaintiff's Opposition

In an opposition filed on August 21, 2013, plaintiff contended Mr. Pletcher, a non-attorney, does not have standing to bring the motion, plaintiff is not subject to the arbitration provision, the claims are not subject to the arbitration provision, and, in the alternative, the claims are independent and should be severed.[3]

In a supplement to opposition, filed on August 23, 2013, plaintiff contended defendants waived their right to arbitrate by failing to resolve a dispute over arbitrator fees.

In a second supplement to opposition, filed November 18, 2013, plaintiff opposed the motion on the additional grounds that the arbitration provision is unconscionable and the agreement is void as against public policy.[4] He contended the provision was procedurally unconscionable in that it was a standardized contract drafted by Mr.

[2]    No declaration in support of the motion to compel arbitration was filed with the motion.

[3]    Mr. Pletcher filed a reply to plaintiff's August 21, 2013 opposition, in which he contended he is a party to the agreement, he has the right to compel arbitration for the production company, plaintiff is bound to arbitration, and all further actions should be stayed pending arbitration.

[4]    Defendants did not designate plaintiff's second supplement to opposition to be part of the clerk's transcript. Plaintiff augmented the record with it.

5

Pletcher, it was presented on a take-it-or-leave-it basis, there were no negotiations regarding the terms of the arbitration provision, the defendants refused to hire plaintiff without plaintiff first agreeing to sign the agreement, and defendants had overwhelming bargaining power. Plaintiff argued the provision is substantively unconscionable because it produces an arbitrator proposed by defendants, the use of JAMS or AAA is precluded, and arbitration costs are apportioned to the employee without regard to the merits of the claim, which prices plaintiff out of the dispute resolution process.

Plaintiff submitted a declaration in support, in which he declared: "When I was hired, I was never given any opportunity to negotiate the terms of my employment agreement. If I refused to sign the contract I was given, I simply wouldn't have gotten the job. The job was presented to me in a take it or leave it fashion; I either take the job, sign the agreement, or I leave. An original agreement was provided to me that did not include an arbitration page. Quickly afterwards, a new and 'revised' agreement was sent to me for signing. The contract was created and drafted by Defendants, and I did not participate in the drafting in any manner whatsoever. Not a single term in the contract was negotiable, nor did I negotiate any. The process of signing the agreement and agreeing to the terms presented were dictator like in that Defendants had overwhelming bargaining power, and I had none. All cast members, including myself[,] were required to sign almost the exact same agreements."

Plaintiff's attorney submitted a declaration in support, in which he declared that, in May 2013, he informed Mr. Pletcher that plaintiff was willing to arbitrate his claims using JAMS because JAMS uses a fee waiver protocol, which "would make arbitration possible." If plaintiff qualified for a fee waiver, the costs of arbitration would shift to Mr. Pletcher. Mr. Pletcher rejected using JAMS.[5]

---

[5] Defendants did not file a written reply to plaintiff's second supplement. In the appeal, they contend the second supplement was untimely filed, counsel did not receive it until the morning of the hearing, and the declaration of plaintiff was not signed under penalty of perjury. To the extent defendants contend the trial court erred in "allowing" the second supplement, the record does not indicate defendants objected at the hearing or ask for a continuance. The objection has been forfeited. (*In re S.B.* (2004) 32 Cal.4th

## C. Order Denying Motion to Compel Arbitration

On November 26, 2013, a hearing was held on the motion to compel arbitration.[6] Honorable Robert L. Hess presided. There was no court reporter. Judge Hess denied the motion, ruling that the arbitration agreement was procedurally unconscionable because it was presented on a take it or leave it basis and substantially unconscionable because it did not provide for discovery and required each party to bear one-half the costs of arbitration without cost-shifting. Plaintiff was ordered to prepare an order. The order after hearing was signed by Judge Hess and filed on February 20, 2014.

## DISCUSSION

### A. Adequacy of the Record

Defendants failed to provide a reporter's transcript or suitable substitute (Cal. Rules of Court, rule 8.137[7] [settled statement][8]) of the hearing on the motion to compel arbitration. A party challenging a judgment or order has the burden of showing

---

1287, 1293 ["a reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court"].)

[6]      Mr. Pletcher augmented the record with a motion for sanctions he filed in the case which was heard and denied by Judge Hess on November 20, 2013, six days before Judge Hess presided at the hearing on the motion to compel arbitration. Plaintiff's payroll history, attached to the sanctions motion, indicated plaintiff worked ten days in the first two weeks, four days in the next four weeks, and no days thereafter. In a declaration of Mitchell Pletcher, Mr. Pletcher declared the production company lost $400,000 on the project. In May 2013, plaintiff was granted a fee waiver when he filed the complaint, as his income was at the poverty level and he needed food stamps to survive.

[7]      Hereinafter, all references to rules refer to the California Rules of Court.

[8]      Rule 8.137(b)(1) provides that an appellant intending to proceed by settled statement must prepare "a condensed narrative of the oral proceedings" for settlement by the trial judge.

7

reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) In the absence of an adequate record on appeal to establish error, the judgment is presumed correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Ballard v. Uribe, supra*, 41 Cal.3d at pp. 574-575.)

We provided the parties an opportunity to brief the issue of the adequacy of the record. Defendants responded, explaining "[t]he only oral proceedings were perfunctory arguments on the written motion. No evidence was submitted or taken at the oral hearing. The only submissions to the trial court were the papers filed in support of and in opposition to the motion to compel arbitration." Plaintiff did not address the issue.

We conclude the record is adequate to show whether or not there is reversible error. The minute order of the proceedings on November 26, 2013 is a sufficient record of the court's ruling. The papers filed on the motion that were before the court at the hearing are contained in the record, as is Mr. Pletcher's motion for sanctions that was heard by Judge Hess six days earlier.[9] In these circumstances, although lacking a reporter's transcript or settled statement, the record is minimally sufficient for us to be able to review for substantial evidence the court's resolution, express or implied, of the disputed facts necessary to support the legal determination that the arbitration agreement was unconscionable. (*Chin v. Advanced Fresh Concepts Franchise Corp.* (2011) 194 Cal.App.4th 704, 708; *Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1527 fn. 2.) " '[I]n the absence of indications to the contrary, a general finding includes a finding of all the special facts necessary to sustain it.' [Citations.]" (*Albonico v. Madera Irrigation Dist.* (1960) 53 Cal.2d 735, 741.)

---

[9] At defendants' request, the record was augmented with Mr. Pletcher's motion for sanctions.

## B. Legal Standards

Both state and federal laws favor enforcement of valid arbitration agreements. (*Armendariz* (2000) 24 Cal.4th at 83, 97 (*Amendariz*).) However, courts will not enforce arbitration provisions that are unconscionable or contrary to public policy. (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 910; *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (U.S.), LLC* (2012) 55 Cal.4th 223, 247 (*Pinnacle*); *Armendariz, supra*, 24 Cal.4th at p. 114.) The party opposing arbitration, in this case plaintiff, bears the burden of proving that an arbitration agreement is unenforceable based on unconscionability. (See *Sanchez v. Valencia Holding Co. LLC* (2015) 61 Cal.4th 899, 911 (*Sanchez*); *Pinnacle, supra*, 55 Cal.4th at p. 247.)

"Under California law, courts may refuse to enforce any contract found 'to have been unconscionable at the time it was made,' or may 'limit the application of any unconscionable clause.' Cal. Civ. Code Ann. § 1670.5(a) (West 1985)." (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___, ___ [131 S.Ct. 1740, 1745-1746].)

" '"One common formulation of unconscionability is that it refers to ' "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party."' [Citation.] As that formulation implicitly recognizes, the doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results."' [*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1133 (*Sonic II*).] [para.] "'The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." [Citation.] But they need not be present in the same degree. "Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves." [Citations.] In other words, the more substantively oppressive the contract term, the less evidence of

9

procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.' (*Armendariz*[, *supra*, 24 Cal.4th at p. 114].) Courts may find a contract as a whole 'or any clause of the contract' to be unconscionable. (Civ. Code, § 1670.5, subd. (a).) [para.] As we stated in *Sonic II*: 'The unconscionability doctrine ensures that contracts, particularly contracts of adhesion, do not impose terms that have been variously described as " ' "overly harsh"'" (*Stirlen v. Supercuts, Inc.*[, *supra*, 51 Cal.App.4th at p. 1532]), " 'unduly oppressive'" (*Perdue v. Crocker National Bank* (1985) 38 Cal.3d 913, 925 . . .), " 'so one-sided as to "shock the conscience"'" (*Pinnacle*[, *supra,* 55 Cal.4th at p. 246]), or 'unfairly one-sided' (*Little [v. Auto Stiegler, Inc.* (2003)] 29 Cal.4th [1064,] 1071 . . . ). All of these formulations point to the central idea that unconscionability doctrine is concerned not with "a simple old-fashioned bad bargain" [citation.], but with terms that are "unreasonably favorable to the more powerful party" [citation]. These include "terms that impair the integrity of the bargaining process or otherwise contravene the public interest or public policy; terms (usually of an adhesion or boilerplate nature) that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law, fine-print terms, or provisions that seek to negate the reasonable expectations of the nondrafting party, or unreasonably and unexpectedly harsh terms having to do with price or other central aspects of the transaction." [Citation.]' (*Sonic II*, *supra*, 57 Cal.4th at p. 1145.) . . . [para.] . . . The ultimate issue in every case is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement." (*Sanchez*, *supra*, 61 Cal.4th at pp. 910-911.)

" 'When the weaker party is presented the clause and told to "take it or leave it" without the opportunity for meaningful negotiation, oppression, and therefore procedural unconscionability, are present.' [Citations.]" (*McManus v. CIBC World Markets Corp.* (2003) 109 Cal.App.4th 76, 91; accord, *Sanchez*, 61 Cal.4th at p. 915.)

"Unconscionability is ultimately a question of law, which we review de novo when no meaningful factual disputes exist as to the evidence. . . . We review the court's resolution of disputed facts for substantial evidence. . . . When the trial court makes no

10

express findings, we infer that it made every implied factual finding necessary to support its order and review those implied findings for substantial evidence." (*Chin v. Advanced Fresh Concepts Franchise Corp.*, *supra*, 194 Cal.App.4th at p. 708.) "When the validity of an arbitration clause turns on a factual determination[,] '[t]he standard on appeal is whether there is substantial evidence to support the trial court's finding.' [Citation.]" (*Stirlen v. Supercuts, Inc.*, *supra*, 51 Cal.App.4th at p. 1527 fn. 2.)

### C. Fair Employment and Housing Act Claims and Arbitration

"It is indisputable that an employment contract that required employees to waive their rights under the [Fair Employment and Housing Act] to redress sexual harassment or discrimination would be contrary to public policy and unlawful. [para.] . . . "[A]n arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights created by the [Fair Employment and Housing Act]." (*Armendariz, supra,* at pp. 100-101; accord, *Ellis v. U.S. Security Associates* (2014) 224 Cal.App.4th 1213, 1220-1221.)

In the context of Fair Employment and Housing Act claims, our Supreme Court required certain protections to prevent such waiver: the arbitration agreement may not limit the damages normally available under the statute (*Armendariz, supra*, 24 Cal.4th at p. 103); there must be discovery sufficient to adequately arbitrate the employee's statutory claim (*id.* at p. 106); there must be a written arbitration decision and judicial review "'sufficient to ensure the arbitrators comply with the requirements of [the] statute'" (*ibid.*); and the employer must "pay all types of costs that are unique to arbitration" (*id.* at p. 113). (Accord, *Sonic II*, *supra*, 57 Cal.4th at p. 1130; *Little v. Auto Stiegler, Inc.* (2003) 29 Cal. 4th 1064, 107.)

Here, the arbitration provision applies to Fair Employment and Housing Act claims.[10] The requirement that plaintiff and the production company shall "bear their own costs for legal representation at any such arbitration and the cost of the arbitrator, court reporter, if any, and any incidental costs of arbitration" abrogates plaintiff's right under the Fair Employment and Housing Act to have the employer pay all costs and fees that are unique to arbitration. This is a violation of public policy as a matter of law. (*Armendariz*, *supra*, 24 Cal.4th at pp. 103, 113; see *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066, 1087.)

## D. Unconscionability

### 1. Procedural Unconscionability

Defendants contend the arbitration provision is not procedurally unconscionable. We disagree.

Substantial evidence supports a finding that the agreement is an adhesive contract and thus oppressive. Plaintiff declared Mr. Pletcher imposed the contract on him and every other cast member, on a take it or leave it basis, as a condition of employment, with no opportunity to negotiate. "The process of signing the agreement and agreeing to the terms presented were dictator like[.]" (See *Armendariz*, *supra*, 24 Cal.4th at pp. 114-115 [an arbitration agreement imposed on employees as a condition of employment and with no opportunity to negotiate is adhesive].) "[T]he adhesive nature of [a] contract is sufficient to establish some degree of procedural unconscionability." (*Sanchez*, *supra*, 61 Cal.4th at p. 915.) As there is substantial evidence the contract is one of adhesion, the trial court correctly ruled the arbitration provision was procedurally unconscionable.

---

[10] As noted, the arbitration agreement provides "arbitration shall be the exclusive forum for resolving all disputes arising out of or involving the contractor's employment with the Company[.]" (*Supra*, at p. 3.)

## 2. Substantive Unconscionability

Substantive unconscionability focuses on overly harsh or one-sided results. (*Sonic-Calabasas*, *supra*, 57 Cal.4th at p. 1133; *Little*, *supra*, 24 Cal.4th at p. 1071.) Defendants contend the agreement was not substantively unconscionable.

As noted, the arbitration provision, which applies to Fair Employment and Housing Act claims, violates public policy in that it requires plaintiff to pay costs of arbitration. An arbitration provision which violates public policy is substantively unconscionable. (*Sanchez*, *supra*, 61 Cal.4th at p. 911; *Armendariz*, *supra*, 24 Cal.4th at pp. 91; *Wherry v. Award, Inc*. (2011) 192 Cal.App.4th 1242, 1248 ["Elimination of or interference with any of these basic provisions [of the Fair Employment and Housing Act] makes an arbitration agreement substantively unconscionable"]; *Ontiveros v. DHL Express (USA), Inc.* (2008) 164 Cal.App.4th 494, 510.)

Moreover, the arbitration provision requires each party to bear his own costs for legal representation. This requirement abrogates plaintiff's right to the discretionary recovery of attorney fees as a prevailing party to a Fair Employment and Housing Act claim. (Gov. Code § 12965, subd. (b) ["In civil actions brought under this section, the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees"].) " 'In [Fair Employment and Housing Act] actions, attorney fee awards, which make it easier for plaintiffs of limited means to pursue meritorious claims . . . "are intended to provide 'fair compensation to the attorneys involved in the litigation at hand and encourage[] litigation of claims that in the public interest merit litigation.' " [Citation.]' (*Chavez v. City of Los Angeles* [(2010)] 47 Cal.4th [970,] 984.)" (*Trivedi v. Curexo Technology Corp*. (2010) 189 Cal.App.4th 387, 394.) As the arbitration provision requires plaintiff to pay his own attorney fees in contravention of his rights under the Fair Employment and Housing Act, the provision is substantively unconscionable. (See *Id.*, 189 Cal.App.4th at pp. 394-396; *Wherry v. Award, Inc.*, *supra*, 192 Cal.App.4th at p. 1249.)

Further, plaintiff's attorney stated in a declaration that plaintiff could not afford to engage in arbitration proceedings unless he did not have to pay the fees of arbitration. The trial court granted plaintiff's application for a waiver of court fees when plaintiff filed the complaint in May 2013. Mr. Pletcher stated in a declaration that plaintiff's income was at the poverty level and plaintiff needed food stamps to survive. The foregoing is substantial evidence the cost provision rendered arbitration unaffordable for plaintiff. As arbitration is the exclusive forum for resolving all disputes and arbitration costs must be shared between the parties, the evidence plaintiff cannot afford to pay costs means the arbitration provision deprives plaintiff of access to any forum in which to adjudicate his claims. (See *Sonic II*, *supra*, 57 Cal.4th at pp. 1144-1145 [" 'it is substantively unconscionable to require a consumer to give up the right to utilize the judicial system while imposing arbitral forum fees that are prohibitively high. Whatever preference for arbitration might exist, it is not served by an adhesive agreement that effectively blocks every forum for the redress of disputes, including arbitration itself.' [Citation.]"].) This is an overly harsh and one-sided result.

Defendants do not contend plaintiff failed to present evidence that, at the time the agreement was entered into, the parties reasonably expected plaintiff would not be able to afford arbitration costs. (See *Sanchez*, *supra*, 61 Cal. 4th at p. 920 ["courts are required to determine the unconscionability of the contract 'at the time it was made.' [Citation]"].) "'Because a predispute arbitration agreement is an agreement to settle future disputes by arbitration, the proper inquiry is what dispute resolution mechanism the parties reasonably expected the employee to be able to afford. Absent unforeseeable (and thus not reasonably expected) circumstances, there is no reason to think that what an employee can afford when a wage dispute arises will materially differ from the parties' understanding of what the employee could afford at the time of entering the agreement.' (*Sonic II*, *supra*, 57 Cal.4th at p. 1164.)" (*Ibid*.)

Even if it could have reasonably been expected at the time of entering into the agreement that plaintiff would be able to afford arbitration, there is evidence events occurred that were not reasonably expected, that rendered arbitration unaffordable when

14

the disputes arose. The agreement indicated plaintiff would be paid by the day, with at least five days of work per week for 12 weeks of rehearsal, followed by performances five days per week for 10 weeks. However, after only two weeks, Mr. Pletcher substantially cut back the rehearsal schedule and thus plaintiff's pay. This evidence plaintiff received less compensation than the parties expected is substantial evidence that arbitration costs which may have been expected to be affordable when the agreement was entered into were not affordable at the time of the dispute.

The trial court correctly concluded the arbitration provision is unconscionable.

## E. Requests for Alternative Relief

Defendants request that, if the arbitration provision's rules and procedures for arbitration are unconscionable, we order the parties to arbitrate their claims pursuant to the California Arbitration Act, Code of Civil Procedure, section 1280 et seq. Defendants also appear to request that, if we find the arbitration provision is unconscionable, we sever any unconscionable portions and enforce the remainder. In addition, defendants request that, if the court concludes plaintiff is financially unable to afford to arbitrate, the court should order the parties to arbitrate in a forum, such as JAMS, that allows for fee waivers. Alluding to an issue but failing to brief it with any specificity forfeits the issue. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 [appellant "provides no argument or citation to authority in support of [the] contention. We are not bound to develop appellants' arguments for them. . . . The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived[.] ([See Cal. Rules of Court, rule 8.204(a)(1)(B) [each point in a brief must be supported by 'argument and, if possible, by citation of authority'])]; *St. Sava Mission Corp. v. Serbian Eastern Orthodox Diocese* (1990) 223 Cal.App.3d 1354, 1372, fn. 6.) Defendants provide no argument or citation to authority supporting the contentions that these alternative reliefs should be ordered and we should make the orders. Accordingly,

defendants forfeited the contentions by alluding to the issues but not briefing them with any specificity.

DISPOSITION

The order denying the motion to compel arbitration is affirmed. Plaintiff, Keith Somers, may recover his appeal costs from defendants Mitchell Pletcher, Mitchell Anthony Productions, LLP, and Concord Investment Counsel.


KIRSCHNER, J.[*]


We concur:


KRIEGLER, Acting P.J.

BAKER, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.